IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:06-CR-69-FL(1)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| THOMAS LAUREN PFOFF, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on the memorandum and recommendation ("M&R") (DE # 72) of United States Magistrate Judge David W. Daniel. Upon consideration of defendant's motion to suppress evidence, the government's response in opposition, and evidentiary hearing, the magistrate judge recommended that the court deny defendant's motion. No objections to the M&R have been filed, and the time within which to make any objection has expired. In this posture, the matter is ripe for ruling. Upon review and consideration, the court adopts the recommendation of the magistrate judge, and denies defendant's motion to suppress.

BACKGROUND

On October 26, 2005, an Advanced Auto Parts ("the store") in Shallotte, North Carolina was robbed by a man wearing a ski mask and wielding a gun. The manager of the store, acting on knowledge of recent similar robberies, stationed himself across from the store, and at the sight of an individual entering the store wearing a ski mask, immediately called 911. With the description provided by the manager, the Shallotte Police Department located defendant, lying in the cab of a white pickup truck driven by a woman.

Upon approaching the truck, the police asked defendant to exit the vehicle and lie on the

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:06-CR-69-FL(1)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| THOMAS LAUREN PFOFF, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on the memorandum and recommendation ("M&R") (DE # 72) of United States Magistrate Judge David W. Daniel. Upon consideration of defendant's motion to suppress evidence, the government's response in opposition, and evidentiary hearing, the magistrate judge recommended that the court deny defendant's motion. No objections to the M&R have been filed, and the time within which to make any objection has expired. In this posture, the matter is ripe for ruling. Upon review and consideration, the court adopts the recommendation of the magistrate judge, and denies defendant's motion to suppress.

BACKGROUND

On October 26, 2005, an Advanced Auto Parts ("the store") in Shallotte, North Carolina was robbed by a man wearing a ski mask and wielding a gun. The manager of the store, acting on knowledge of recent similar robberies, stationed himself across from the store, and at the sight of an individual entering the store wearing a ski mask, immediately called 911. With the description provided by the manager, the Shallotte Police Department located defendant, lying in the cab of a white pickup truck driven by a woman.

Upon approaching the truck, the police asked defendant to exit the vehicle and lie on the

ground with his arms outstretched. Defendant complied with the officer's request, and was taken into custody and placed in the police car. Approximately five minutes after defendant was placed in the police car, Lieutenant Branning arrived and, after conversing with the officers, approached defendant. Branning testified that he read defendant his Miranda rights and that defendant stated that he understood his rights. Branning also testified that he observed nothing in defendant's demeanor that suggested that defendant did not understand his rights or the questions Branning asked him. Branning testified that defendant did not appear to be under the influence of drugs or alcohol and was speaking clearly. Branning did not perform a field sobriety test on defendant, nor engage in any other type of objective measurement of defendant's capacities.

During this conversation between Branning and defendant, which lasted about one minute, defendant told Branning that he had robbed a store. At that point, Branning asked to see the gun with which defendant robbed the store. Defendant replied that he wanted to talk to an attorney. Branning then stopped questioning defendant.

Defendant was taken to the police station for processing, and there the police found money, checks from the Shallotte Advanced Auto Parts store, a Ruger 9 millimeter gun, white gloves, a ski mask, and other items in the white truck.

On August 23, 2006, the grand jury issued a seven-count indictment against defendant, which was later superseded by indictment dated July 11, 2007, charging defendant with various robbery and firearm-related offenses.

## DISCUSSION

Because no written objection was filed by defendant with the ten (10) day period following entry of the memorandum and recommendation, this court reviews the factual findings and legal

2

conclusions for plain error.

1.   Knowing and Voluntary Waiver of Miranda Rights

A defendant may waive his Miranda rights only if he does so "knowingly and voluntarily." See U.S. v. Cardwell, 433 F.3d 378, 389 (4th Cir. 2005). To determine whether a defendant has waived his Miranda rights, courts look to the "totality of the circumstances." (Id.) Defendant first alleges that he did not knowingly or voluntarily waive his Miranda rights because he was "high on cocaine and other drugs, and was in fact being drive around the Shallotte, North Carolina area by his then girlfriend . . . and both were looking for drugs." (Mot. at 4.) Defendant was found lying on the floorboard of the white truck, it is alleged, because he was "so impaired from the many substances that he had ingested and abused earlier that day that he was nearly passed out." (Id.) Defendant alleges that the impairment induced by this drug use rendered waiver of his Miranda rights defective.

A defendant's waiver of Miranda rights must be knowingly given "with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." Moran v. Burbine, 475 U.S. 412, 421 (1986). In the context of a claim that a knowing waiver was foreclosed by mental impairment, neither the amount of intoxicants ingested nor the alleged effect on behavior is dispositive of the inquiry. Rather, the record must indicate that defendant was "a person . . . incapable of making a reasoned decision to abandon his or her rights." U.S. v. Cristobal, 293 F.3d 134, 142. Thus, the fact alone that a defendant is under the influence of drugs or alcohol alone does not render a waiver of rights unknowing. See id. (without evidence of effect of narcotics, medical records indicating defendant had been given narcotics insufficient to show effect of narcotics). Here, defendant produces no evidence other than those allegations produced in his motion to suppress that he was using drugs and that those drugs made him incapable of a reasoned

3

decision to abandon his rights. Therefore, defendant fails to show that his waiver was not knowingly given.

Voluntariness of a waiver is determined by an inquiry as to "whether the defendant's will has been 'overborne' or his 'capacity' for self-determination critically impaired." See U.S. v. Braxton, 112 F.3d 777, 780 (4th Cir. 1997) (internal citations omitted). "Coercive police activity is a necessary predicate to a finding that a confession is not voluntary," which requires a showing of the "crucial element of police overreaching." Cristobal, 293 F.3d at 140.

Defendant has not produced any evidence of coercive police activity or, more generally, any evidence that would show that, under a totality of the circumstances, defendant's will was overborne or his capacity for self-determination impaired by police conduct. The police officers did have their weapons drawn when asking defendant to leave the cab of the white pickup truck, a routine procedure when an individual is suspected of having committed an armed robbery. Defendant failed to produce evidence that the officers continued to brandish or otherwise employ their weapons after safely securing defendant. Defendant did not produce evidence suggesting that officers wrongly used physical force or engaged in psychological intimidation.

2. Voluntary Confession

Defendant also asserts that his confession was involuntary under the Fifth Amendment of the United States Constitution. The Fifth Amendment guarantees that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself . . . without due process of law." As was the case with the voluntariness test under Miranda, the defendant must show some coercive police activity. See Colorado v. Connelly, 479 U.S. 157, 167 (1986).

Again, defendants have not produced evidence in support of this conclusion.

4

## CONCLUSION

Upon careful review and consideration, and in light of the foregoing analysis, the court hereby ADOPTS the recommendation of the magistrate judge as its own, and, for the reasons stated therein, defendant's motion to suppress (DE # 63) is DENIED.

SO ORDERED, this the 19th day of November, 2007.

LOUISE W. FLANAGAN
Chief United States District Judge